IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | * | CASE NO. 15-64213-SMS |
| KIMBERLY MARIE CRAIG, | * | CHAPTER 7 |
| Debtor | * | |
| | | |
| MORRIS EDWARD MILES | | |
| (Valerie McElwaney) | * | CONTESTED MATTER |
| Movant/Decedent | | |
| | | |
| V | * | |
| | | |
| KIMBERLY MARIE CRAIG, | | |
| Debtor | * | |

**DEBTOR'S RESPONSE TO
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

COMES NOW, Kimberly Marie Craig, the above named Debtor and files this response to Movant's Motion to Enforce Settlement Agreement [Doc. No. 106 and 107] and shows this Court this following:

Factual Basis

1.

The Debtor filed this instant case as a Chapter 13 Petition on July 30, 2015. The case was converted to Chapter 7 on September 21, 2015.

2.

Movant, Morris Edward Miles, "hereafter Decedent" previously asserted claims against Debtor in a civil action filed in the Superior Court of Henry County, Georgia (CAFN 14-CV-3036-M). Decedent's asserted claims and the assets identified in said asserted claims were not initially disclosed in Debtor's petition but have been disclosed by amendment [Doc. No. 72 and 73]. Essentially, these "disputed claims" involved a single family residence located at 4730

Stillwood Cove, Forest Park, Georgia.  Deed records show that Decedent and Debtor own this home as joint tenants with rights of survivorship.  Also, Debtor contends there was also a stock account where Decedent placed title to this account jointly in the name of Debtor and Decedent with JTWROS.

3.

These claims became part of the bankruptcy estate in this case, and the Chapter 7 Trustee asserted an interest in those claims.  No dispositive determination was or has been made of Debtor or Deceent's actual interest in those claims, but the Chapter 7 Trustee and Decedent reached a agreement in this case in order to preserve the "co-owners" interest in the disputed claims identified in Debtor's amendments [Doc. No. 72 and 73].  The agreement of Decedent and the Chapter 7 Trustee was approved by the Court upon Motion by the Chapter 7 Trustee [Doc. No. 93] and by Order of this Court [Doc. No. 98].

4.

Decedent died May 10, 2017.  Upon information and belief, Decedent was not married at the time of this death and had at least two (2) children over the age of eighteen (18).  A Probate Court Estate has been initiated with the Clayton County Probate Court (Estate No.2017-0697). There appear to be competing Wills between the disputing parties.  Debtor has presented a Will in the Probate Court of Clayton County and has filed the original of said Will with the Clayton County Probate Court.  Decedent's children have filed a copy of a purported Will with the Clayton County Probate Court.  Debtor disputes this Will and the validity of Decedent's execution of this Will and has not seen an original of the Will presented by Decedent's children.

5.

Debtor and Decedent had a long and unique relationship for many years. Decedent appeared to have an estranged relationship with his own family, so Debtor and Decedent became each other's surrogate family. This unique bond is evidenced by the fact that Decedent deeded his interest in 4730 Stillwood Cove, Forest Park, Georgia to Debtor in November 2009 via a Warranty Deed. Thereafter in 2010, Debtor transferred the property via quit-claim deed to Decedent and Debtor jointly with rights of survivorship. That real property has remained titled in this matter to this date. As stated herein, Decedent died May 10, 2017. *See Real Property Deeds attached herein.*

Arguments

1. Probate Court Proceeding

Since the parties entered into discussions about the events detailed in this matter, Mr. Miles has passed. Also, a proceeding has been initiated in the Clayton County Probate Court. Further, the named party in this Motion, Valerie McElwaney, is not a property party to this proceeding. To date, there has not been a Personal Representative or Temporary Administrator for the estate of Decedent appointed by the Probate Court. Debtor argues that the moving party in this Motion does not have the authority to act on behalf of Decedent's estate. Furthermore, Decedent died after any understanding of the parties could be reduced to a formal written form. A memorandum between the parties clearly states that any agreement between the parties is subject to court approval. To date, the Court has not approved any potential terms between the parties.

This messy entanglement is clearly a probate issue at this point. The Probate Court should name an administrator in the Decedent's estate, so this Court can determine who the proper party is to assert any claims of Decedent's estate. Further, Debtor never intended in any negotiations with Decedent that either party was waiving or releasing any estate rights they would have in and to the "disputed claims." Any resolution Decedent and Debtor were working towards only involved inter vivos transfers between the parties. The probate court is the proper forum for these parties to resolve any rights to ownership in and to the estate of Decedent. Litigation has been initiated in that Court, and the Probate Court is best equipped to resolve these issues for all parties.

2. Contested Wills

Two parties have submitted separate Last Will and Testaments to the Clayton County Probate Court for administration. Debtor argues that the Will she submitted contains the intent of Decedent as it relates to contested property. Debtor specifically disputes the validity of the Will submitted by Decedent's family. Debtor specifically contends that the Will submitted by the family is not properly executed and does not contain Decedent's signature. Debtor is prepared to contest those aspects of the family's purported Will in this proceeding as well as in Probate Court.

3.

Debtor asserts that a Court of appropriate jurisdiction should establish the property rights and liabilities, if any, of the Decedent's estate and Debtor before any determination of their property rights is made in this proceeding. As such, Debtor respectfully asks this Court to not rule on the Motion to Enforce Settlement Agreement and direct that this matter be resolved in the appropriate Probate Court for adjudication.

Wherefore, the Debtor respectfully requests:

a. That this Court consider this Response,

b. That this Court dismiss the Motion to Enforce Settlement Agreement, and/or

c. That this matter be directed to the proper Probate Court for adjudication.

This 4th day of April, 2018.

                 Respectfully Submitted,
                 _____/s/_____
                 Joseph Chad Brannen
                 Attorney for Debtor
                 Georgia Bar No. 077120
                 7147 Jonesboro Rd., Suite G
                 Morrow, GA 30260
                 (770) 474-0847
                 chad@brannenlawfirm.com

## **CERTIFICATE OF SERVICE**

This is to certify that I am over the age of 18 years and that I have this day served a copy of the within and foregoing <u>DEBTOR'S RESPONSE</u> upon the parties listed below by placing the same in a properly addressed envelope with adequate postage affixed hereto to assure delivery and depositing in the United States Mail addressed as follows:

Kimberly Marie Craig
131 Harper Road
McDonough, GA 30252

Howard P. Slomka
Overlook III
2859 Paces Ferry Road, SE, Ste 1700
Atlanta, GA 30339

Ted Echols
505 Corporate Center Drive, Ste. 106
Stockbridge, GA 30281

Valerie McElwane
90 Parkman Trail
Covington, GA

Sheree Nash
204 Cameo Court
Locust Grove, GA 30248

Josh Miles
PO Box 322
Coosa, GA 30129

Amber Elyse
613 Ringfisher Circle, SW
Rome, GA 30165

    This 4th day of April, 2018.

    Respectfully Submitted,

    _____/s/_____
    Joseph Chad Brannen
    Attorney for Debtor
    GA Bar No. 077120
    7147 Jonesboro Rd., Suite G
    Morrow, GA 30260
    (770) 474-0847

09737
00478

After Recording return to:
Gary B. Cloy
Attorney At Law, P.C.
37 Griffin Street
McDonough, GA 30253

Clayton County, Georgia
Real Estate Transfer Tax
Paid _____
Date __11/19/09__
Linda T. Miller
Clerk, Superior Court

FILED
CLAYTON CO., GA
2009 NOV 19 AM 10: 03
LINDA T. MILLER
CLERK SUPERIOR COURT

36338

Draw Deed Only
File #: 09-03376

**STATE OF GEORGIA**

**COUNTY OF HENRY**

# Warranty Deed

This Indenture, Made 17th day of November 2009, between

**Morris Edward Miles**

as party or parties of the first part, hereinafter called Grantor, and

**Kimberly Marie Eubanks,**

as party or parties of the second part, hereinafter called Grantee (the words "Grantor and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

## Witnesseth:

That Grantor for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) AND OTHER GOOD AND VALUABLE CONSIDERATION, in hand paid at and before the sealing and delivery of these presents, the receipts whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

All that tract or parcel of land lying and being in the City of Forest Park, in Land Lot 46 of the 13th District of Clayton County, Georgia, being Lot 7 of Stillwood of Forest Park, Inc., as shown on plat recorded in Plat Book 9, Page 15, Clayton County Records; which plat is incorporated herein and by reference made a part hereof.

This Conveyance is made subject to all zoning ordinances, easements and restriction of record affecting said described property.

To Have and to Hold the said described property, with all and singular the rights, members appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

And the Said Grantor will warrant and forever defend the right and title to the said described property unto the said Grantee against the claims of all persons whomsoever.

In Witness Whereof, the Grantor has signed and sealed this deed, the day and year above written.

BK09737PG478

Signed, sealed and delivered in the presence of:

_____          _____Morris Edward Miles_____(Seal)
Witness                                                        Morris Edward Miles

_____                                        _____(Seal)
NOTARY PUBLIC:
My commission expires:

F:\FILES\MISC\09-03376\Warranty Deed.wpd

09891
00346

FILED
CLAYTON CO., GA

2010 DEC -2 PM 12: 07

LINDA T. MILLER
CLERK SUPERIOR COURT
30620

After recording please return to
Kim M. Eubanks
131 Harper Road
McDonough, GA 30252

STATE OF GEORGIA

COUNTY OF CLAYTON

Clayton County, Georgia
Real Estate Transfer Tax

Paid ___-0-___

Date ___12-2-10___

Linda T. Miller
Clerk, Superior Court

## QUIT-CLAIM DEED

THIS INDENTURE, made this 30th day of November, 2010, between Kimberly Marie Eubanks, as party of the first part, hereinafter called GRANTOR, and Kimberly Marie Eubanks and Morris Edward Miles, as Joint Tenants with rights of survivorship, as parties of the second part, hereinafter called GRANTEES (the words "Grantor" and "Grantee" to include their prospective heirs, successors and assigns where the context requires or permits).

WITNESSETH that: Grantor, for and in consideration of the sum of ten dollars ($10.00) and other valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, by these presents does hereby devise, convey and forever QUITCLAIM unto the said Grantee,

All that tract or parcel of land lying and being in the City of Forest Park, in Land Lot 46 of the 13th District of Clayton County, Georgia, being Lot 7 of Stillwood of Forest Park, Inc., as shown on plat recorded in Plat Book 9, Page 15, Clayton County Records; which plat is incorporated herein and by reference made a part hereof.

TO HAVE AND TO HOLD the said described premises to Grantee, so that neither Grantor nor any person or persons claiming under Grantor shall at any time, by any means or ways, have, claim, or demand any right or title to said premises or appurtenances, or any rights thereof.

FURTHER, the Grantor and Grantee grant a life estate in the property to Morris Edward Miles, who shall continue to live on the property until his death or he no longer resides on the property, as long as he pays all property taxes, insurance, utilities, maintenance and upkeep on the property.

IN WITNESS WHEREOF, Grantor and Grantee have signed and sealed this deed, the day and year first above written.

Signed, sealed and delivered in the presence of:

BK 09891 PG 346

_____
WITNESS

_____
KIMBERLY MARIE EUBANKS, Grantor

Sworn to and subscribed before me this
30th day of November, 2010.

_____
NOTARY PUBLIC