**IT IS ORDERED as set forth below:**

**Date: June 5, 2018**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 15-64213-sms |
| KIMBERLY MARIE CRAIG. | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| VALERIE MCELWANEY, | ) | |
| ESTATE OF ED MORRIS MILES | ) | |
| | ) | |
| Movant, | ) | CONTESTED MATTER |
| | ) | |
| v. | ) | |
| | ) | |
| KIMBERLY MARIE CRAIG, Debtor | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | _____ |

**Consent Order**
**Granting Motion to Enforce Settlement Agreement**

**PROCEDURAL BACKGROUND**

1. Debtor filed this Chapter 7 Bankruptcy (the "Bankruptcy") on July 30, 2015 (the "Petition Date").

2. Creditor Edward Morris Miles ("Miles") has alleged various claims and causes of action against Debtor and against the property of the estate. Among these are claims brought in the Superior Court of Henry County in case No. 14-CV-3036 AM (the "Henry County Lawsuit") which is still pending.

3. Miles has filed a Motion for Relief from Stay (Doc. No. 76) pending before this Court, in which he seeks to lift the stay so that Miles can continue to prosecute the Henry County Lawsuit.

4. Debtor and Miles have reached an agreement as to all outstanding issues, which was documented in a settlement agreement (the "Settlement Agreement"). Among other items, the Settlement Agreement required Miles to pay $40,000.00 to the bankruptcy trustee for Debtor's estate, and to dismiss the Henry County Lawsuit. The Settlement Agreement also required Debtor to execute a quitclaim deed in favor of Miles for his single-family residence located at 4730 Stillwood Cove, Forest Park, GA 30297 (the "House"), and to transfer all of her interest in his stock trading account at ScotTrade.

5. The parties agreed to the material terms of the Settlement Agreement and Miles executed the Settlement Agreement. In reliance on the agreement, Miles requested that ScotTrade transfer $40,000 to the bankruptcy trustee. This transfer was contemplated in this Court's Order dated April 13, 2017 (Doc. No. 98) which approved and authorized the transfer.

6. On May 1, 2017, after the request to transfer the funds, but before Debtor had executed the Settlement Agreement, Miles fell, sustained a stroke, and entered an irreversible coma. Miles passed away on May 9, 2017, one day after ScotTrade delivered the $40,000 to the trustee.

7. On June 9, 2017 Debtor delivered an executed copy of the Settlement Agreement, along with an executed, witnessed and notarized copy of the quitclaim deed for the House (the "Quitclaim Deed").  Despite numerous requests, Debtor did not turn over the original Quitclaim Deed, and Georgia law does not allow the recording of a copy of the Quitclaim Deed.

8. On March 13, 2018, Miles' daughter Valerie Mcelwaney (along with daughter Sheree Nash, referred to as "Daughters") filed the instant Motion to Enforce Settlement Agreement (this "Motion") (Doc. No. 107).  The purpose of the Motion was to request this Court to order Debtor to deliver the original Quitclaim Deed.

9. Miles' decedent's estate has been opened in the Probate Court for Clayton County as case number 2017-0697 (the "Probate Action").  The judge in the Probate Action has appointed Ms. Jillian Todd ("Temporary Administrator")  to act as temporary administrator for the estate, pending trial and resolution of all disputed matters.  Temporary Administrator has joined in this Motion (Doc. No. 118).

10. A hearing was held on May 23, 2018.  Movant/Daughters were represented by Howard P. Slomka, Esq., Debtor was represented by J. Chad Brannen, Esq., and Temporary Administrator was represented by Charles M. Clapp, Esq.   All parties were served and appeared prepared to present evidence as needed.  After oral argument, the parties were able to reach a consensual resolution that is memorialized in this Consent Order.

**AGREEMENT**

11. Within two (2) business days after the entry of this Order, Debtor shall deliver to Debtor's counsel: (i) the original Quitclaim Deed, (ii) all keys to the House, (iii) all codes and access authorization for alarm and camera equipment to Debtor's counsel.  Debtor's counsel shall deliver all such items to the Temporary Administrator within two business days after receipt.   Temporary Administrator shall hold the original Quitclaim Deed until further order of the probate court.

12.  The parties consent to jurisdiction and authorize the probate court to fully hear and resolve all matters related to the Settlement Agreement and this Consent Order as it relates to the Debtor, Debtor's property and all other matters related to the Probate Action; and relief from stay is granted as to the Debtor for all purposes related to the Probate Action, especially with regard to determining the assets in the probate estate.

13.  Daughters shall deliver all keys to the House to Howard Slomka within two (2) business days after the entry of this Order.   Mr. Slomka shall deliver all such items to Temporary Administrator within two (2) business days after his receipt.

14.  Temporary Administrator, acting on behalf of the probate estate, shall have sole and absolute use, possession and control of the House.  Neither Debtor nor Daughters, nor their agents, shall approach or enter the House without the prior consent of the Temporary Administrator.

15.  Any personal property may be retrieved from the House only with the consent of the Temporary Administrator, to be coordinated with Temporary Administrator and with notice to Debtor and Daughters.

16.  Debtor will keep all utilities in her name until administration of the Miles probate estate, but Temporary Administrator shall reimburse promptly upon receipt of invoices from utility

companies, beginning June 1, 2018.  To the extent that utilities are disconnected, Temporary Administrator shall have the right to re-connect.

17.  All financial accounts previously belonging to Miles shall remain frozen and off limits to Debtor and Daughters.  No funds shall be removed other than by the Temporary Administrator.  All funds necessary to the administration of the estate shall come from cash bank accounts first and secondly from the ScotTrade account, but only up to $10,000.00 in aggregate.

18.  Upon resolution of these matters, the probate estate shall release its rights to the Henry County Lawsuit and to Debtor's real property in Henry County.

19. Temporary Administrator and/or a representative of the Miles probate estate shall meet at Debtor's home to review and inspect all personal property of Miles, and to remove or discard items at the expense of the Estate.  Any uncertainty as to ownership of personal property shall be resolved by the Probate Court.

It is THEREFORE ORDERED that

The Motion is GRANTED as described herein.

It is FURTHER ORDERED that the parties to this Consent Order shall comply with the terms and agreement as outlined above.

Drafted by:

_____/s/
Howard P.Slomka, Esq.
Attorney for Daughters
GA Bar No. 652875
2859 Paces Ferry Road, SE
Suite 1700
Atlanta, GA 30339
(404) 800-4017
HS@MyATLlaw.com

Consented to by:

_____/s/
Joseph Chad Brannen
Attorney for Debtor
Georgia Bar No. 077120
7147 Jonesboro Road, Ste. G
Morrow, GA 30260
770-474-0847
chad@brannenlawfirm.com

Consented to by:

_____/s/
Charles Clapp
Georgia Bar No. 101089
Attorney for the Estate of Morris Edward Miles
5 Concourse Parkway NE Suite 3000
Atlanta, GA 30328
404-585-0040
charles@lawcmc.com

DISRIBUTION LIST:            See attached list of interested parties.

Howard P. Slomka, Esq.
2859 Paces Ferry Road, SE
Suite 1700
Atlanta, GA 30339


Joseph Chad Brannen
7147 Jonesboro Road, Ste. G
Morrow, GA 30260


Charles Clapp
5 Concourse Parkway NE Suite 3000
Atlanta, GA 30328